Messrs. Anthony Chambers and Vangele West McClellan Community High School 9417 Geyer Springs Road Little Rock, AR 72209
Dear Messrs. Chambers and West:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq, as amended by Act 1653 of 2001. You have submitted your requests pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General. You have asked me to review FOIA requests by the Arkansas Democrat Gazette to inspect your personnel files.
Neither of you has provided me with copies of the records in question, and I therefore cannot, as is contemplated under A.C.A. §25-19-105(c)(3)(B), opine as to what particular documents are disclosable. I can, however, set out the relevant tests for determining whether employment-related records are open to public inspection and copying, focusing particularly on the applicable legal analysis that the custodian of the records should consider in making his decision as to disclosability.
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1), as amended by Act 1653 of 2001. Given that you are both coaches at a public high school, and as such public employees, I believe your personnel files clearly qualify as "public records" under this definition.
As I noted most recently in Ark. Op. Att'y Gen. No. 2001-122:
 If records fit within the definition of "public records" under A.C.A. § 25-19-103(1), they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)(10). It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
The distinction between personnel records and employee evaluation and job performance records matters because the latter category is not subject to the "clearly unwarranted invasion of personal privacy" standard discussed above. Rather, under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
As previously noted, if a document is a "personnel record," as opposed to an "employee evaluation or job performance record," it must be released unless its disclosure would constitute a "clearly unwarranted invasion of personal privacy." The fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 2001-112, 94-198, 94-178 and 93-055; WATKINS, supra at 126. In Opinion No. 99-305, my predecessor offered the following analysis of this issue:
 The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
* * *
 . . . [C]ourts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981); Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v. Rice,308 Ark. at 598. If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125
(1998).
In addition to the qualified exemptions for employee evaluation or job performance and personnel records discussed above, the FOIA exempts the following records that might bear on your request:
(1) State income tax records;
 (2) Medical records, adoption records, and education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232q, unless their disclosure is consistent with the provisions of the Family Educational Rights and Privacy Act of 1974.
A.C.A. § 25-19-105(b), as amended by Acts 1336 and 1653 of 2001. With respect to the former of these exemptions, as I noted in Ark. Op. Att'y Gen. No. 99-327:
 If the records in question in fact contain . . . state income tax withholding information, § 25-19-105(b)(1) will likely apply to prevent disclosure. See generally Op. Att'y Gen. 91-093. The mere fact that the files contain information pertaining to . . . income or other financial information is not, however, a sufficient basis for concluding that this exemption applies.
This office has also taken the position that records reflecting federal tax withholding should also be withheld from disclosure. See Ops. Att'y Gen. Nos. 99-016, 95-110, 91-093. Therefore, any federal and state tax records in your file should not be released.
The custodian should review your records and redact any information that qualifies for the above or any of various other exemptions. For example, if the record contains social security numbers, they should be redacted.See Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted.See Ark. Op. Att'y Gen. No. 99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998); Ark. Op. Att'y Gen. No. 99-054.
In Ark. Op. Att'y Gen. No. 2001-028, I offered the following guidance to a custodian regarding the just referenced privacy interest:
 The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
 If you, as custodian of the records, determine factually that the concern you have expressed meets the three prongs of test laid out by the McCambridge court, you must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian.
The foregoing sets forth the general standard the custodian should apply in determining what records or portions of records are subject to disclosure.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh